CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 2 8 2005

JOHN F. CORCORAN CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

PAUL CHAPMAN                )
                           )
        Plaintiff,          )          Civil Action No.: 5:05CV00032
                           )
v.                          )          **MEMORANDUM OPINION**
                           )          By: Hon. Glen E. Conrad
NICK JOE RAHALL             )          United States District Judge
                           )
        Defendant.          )

This case is before the court on the United States' motion for substitution as the sole party defendant. The United States claims that the substitution should be granted, pursuant to 28 U.S.C. § 2679(d)(1), because the defendant was acting within the scope of his employment as an employee of the United States at the time of the conduct alleged by the plaintiff. For the reasons stated below, the court will grant the United States' motion for substitution.

## BACKGROUND

The plaintiff, Paul Chapman, filed a complaint alleging defamation, libel, slander, and intentional infliction of emotional distress based on remarks made by United States Congressman Nick J. Rahall, II, on May 28, 2004, to a Bluefield, West Virginia television reporter. Jurisdiction is asserted on the basis of diversity of citizenship, pursuant to 28 U.S.C. § 1332. The complaint alleges that the defendant called the plaintiff a "bigoted, right wing, redneck, racist wacko." (Compl. ¶ 3.) The remarks were made in response to the reporter's allegations that Rahall's support of the Council on American-Islamic Relations (CAIR) aided terrorism. The reporter had recently composed a story that was broadcast in West Virginia, in which the plaintiff accused Rahall of supporting CAIR, describing CAIR as a group with ties to terrorism.

1

On August 8, 2005, the United States Department of Justice certified that Rahall was acting within the scope of his employment as an employee of the United States at the time of the conduct alleged in the complaint.

## DISCUSSION

The case is presently before the court on the United States' motion for substitution. The Federal Employees Liability Reform and Tort Compensation Act of 1988, the Westfall Act, provides that:

> [u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679 (2005). The certification of the Attorney General, however, is reviewable in court. See Gutierrez DeMartinez v. Lamagno, 515 U.S. 417 (1995). In contesting the certification, the plaintiff has the burden of persuasion, "to prove by a preponderance of the evidence that [the defendant] was not acting within the scope of his employment." Ross v. Bryan, 309 F.3d 830 (4th Cir. 2002). The Attorney General's certification therefore serves as prima facie evidence that the defendant was acting within the scope of his employment, shifting the burden to the plaintiff. Gutierrez DeMartinez v. Drug Enforcement Agency, 111 F.3d 1148, 1153 (4th Cir. 1997). In determining whether the plaintiff has successfully carried this burden, this court should review the question de novo. Id. at 1154.

In considering whether the defendant was acting in the scope of his employment, the court must apply the law of the state where the conduct occurred. Id. at 1156. In this case, the parties agree that the conduct occurred in West Virginia, and that West Virginia law governs the

2

scope of employment issue.

The Westfall Act provides for an exclusive remedy against a federal agency:

> for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim ....

28 U.S.C. § 2679 (2005). The issue of "whether a state law tort can be applied against the United States is exclusively one of federal law. Claimants obtain their right to sue [the federal government] from Congress [and they] necessarily must take it subject to such restrictions as have been imposed." Berkman v. United States, 957 F.2d 108, 112 (4th Cir. 1992) (internal quotations omitted). Therefore, "a plaintiff seeking relief against a federal employee is not entitled to a jury trial on the scope-of-employment issue, even if the relevant state law would provide a jury trial." Gutierrez, 11 F.3d at 1153.

**Substitution of the United States as Defendant**

According to West Virginia law, "a servant is acting within the course of his employment when he is engaged in doing, for his master, either the act consciously and specifically directed or any act which can fairly and reasonably be deemed to be an ordinary and natural, direct and logical result of it." Courtless v. Jolliffe, 507 S.E.2d 136, 140 (W. Va. 1998). The test is "the relation which the act done bears to the employment." Cochran v. Michaels, 157 S.E. 173, 175 (W. Va. 1931). The West Virginia Supreme Court of Appeals has also held that "scope of employment" requires the court to consider the surrounding circumstances, including, "the character of the employment, the nature of the wrongful deed, the time and place of its commission and the purpose of the act." Griffith v. George Transfer and Rigging, Inc., 201

3

S.E.2d 281, 288 (W. Va. 1973). Even if an employee commits an intentional tort, the West

Virginia Supreme Court of Appeals has found that the act can fall within the scope of

employment. See, e.g., Barath v. Performance Trucking Co., 424 S.E.2d 602, 606 (W. Va.

1992).

The United States Court of Appeals for the Fifth Circuit has dealt with the issue of

whether remarks made by a Congressman during an interview fall within the scope of the

Congressman's employment. The Court held that the remarks were within the scope of

employment because, "a primary obligation of a Member of Congress in a representative

democracy is to serve and respond to his or her constituents. Such service necessarily includes

informing constituents and the public at large of issues being considered by Congress." Williams

v. United States, 71 F.3d 502, 507 (5th Cir. 1995). Similarly, the District Court for the District

of Columbia has found that a Congressman's remarks to the press were within the scope of his

employment, because Members of Congress, "engage in a 'wide range of legitimate 'errands'

performed for constituents' including 'news releases' and 'speeches delivered outside the

Congress.'" Council on Am. Islamic Relations, Inc. v. Ballenger, 366 F. Supp. 2d 28 (D. D.C.

2005) (quoting United States v. Brewster, 408 U.S. 501, 512 (1972)). The Court found that,

"speaking to the press is a critical part of the expected and authorized conduct of a United States

Congressman," and that the Congressman felt his remarks, in response to the media, were

necessary to ensure his effectiveness as a legislator. Id. at 31-32.

This court agrees with the Fifth Circuit and the District Court for the District of

Columbia that "speaking to the press is a critical part of the expected and authorized conduct of

a United States Congressman." Ballenger, 366 F. Supp. 2d at 31. The alleged remarks made by

4

Rahall to the reporter were made approximately one week after a story was published that quoted the plaintiff's description of CAIR as, "hav[ing] ties to terrorism and Mr. Rahall hasn't disassociated himself from these groups." (U.S. Mem. Supp. Mot. for Subst. Ex. 1.) The plaintiff described Rahall's appearance at a CAIR fund-raiser as "support or ... attempt to aid and abet our enemy." Id. Rahall's response to these remarks was clearly in the scope of his employment as a legislator, and was necessary to ensure his effectiveness as a legislator and maintain the support of his constituents. See Bellenger, 366 F. Supp. 2d at 32 (finding that although the Congressman was not discussing pending legislation, comments about his personal life that would be of concern to his constituents, and potentially affect his re-election, were made at least in part to preserve his ability to advance a legislative agenda). The court finds that the record conclusively establishes that Rahall was acting within the scope of his employment when he made the alleged remarks. The court finds that Rahall's remarks, made to the media to ensure his effectiveness as a legislator, can "fairly and reasonably be deemed to be an ordinary and natural incident or attribute" of his job as a legislator. See Courtless, 507 S.E.2d at 140. His remarks were therefore made within the scope of his employment as defined by West Virginia law. The United States will be substituted as the sole defendant, pursuant to 28 U.S.C. § 2679.

## Additional Discovery

The court also finds that additional discovery is not necessary in this case, as "discovery and an evidentiary hearing regarding the scope-of-employment question are proper only where the pleadings, affidavits, and any supporting documentary evidence reveal an issue of material fact." Webb v. United States, 24 F. Supp. 2d 613 (W.D. Va. 1998). As the plaintiff has not

identified any issue of material fact, no additional discovery is necessary prior to a ruling on the issue of substitution.

## CONCLUSION

For the reasons stated, the United States' motion for substitution will be granted.

The Clerk is directed to send certified copies of this Memorandum Opinion and the accompanying Order to all counsel of record.

ENTER: This _23rd_ day of November, 2005.

_(signature)_

United States District Judge

Case 5:05-cv-00032-GEC   Document 15   Filed 11/28/05   Page 6 of 6   Pageid#: 68