CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 3 1 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| PAUL CHAPMAN | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 5:05CV00032 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | By: Hon. Glen E. Conrad |
| NICK JOE RAHALL | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

This case is before the court on the United States' motion to dismiss. The United States claims that the action should be dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(1), because the court does not have subject-matter jurisdiction. The plaintiff has chosen not to file a response to this motion. For the reasons stated below, the court will grant the United States' motion to dismiss.

## BACKGROUND

The plaintiff, Paul Chapman, filed a complaint alleging defamation, libel, slander, and intentional infliction of emotional distress based on remarks made by United States Congressman Nick J. Rahall, II, on May 28, 2004, to a Bluefield, West Virginia television reporter.

On August 8, 2005, the United States Department of Justice certified that Rahall was acting within the scope of his employment as an employee of the United States at the time of the conduct alleged in the complaint. After consideration of the motions of the United States and the plaintiff, this court granted the motion to substitute the United States as a party on November 23, 2005, finding that Rahall was acting in the scope of his employment when he made the remarks giving rise to the plaintiff's claims.

## DISCUSSION

The case is presently before the court on the United States' motion to dismiss. The United States contends that the action should be dismissed because the United States has not waived its sovereign immunity to any claim arising out of libel or slander.

The United States is immune from all suits, absent an express waiver of immunity. Welch v. United States, 409 F.3d 646, 650 (4th Cir. 2005). The Federal Tort Claims Act ("FTCA") contains a general waiver of sovereign immunity. See 28 U.S.C. §§ 1346(b), 2674 (2005). See also Talbert v. United States, 932 F.2d 1064, 1065 (4th Cir. 1991). Section 1346(b) provides that, "the district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b).

This waiver of immunity is limited, however. Section 2680 lists exceptions to the waiver of immunity by the FTCA, and these exceptions include, "[a]ny claim arising out of assault, battery, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h). If any of the listed exceptions to waiver of immunity apply, the court must dismiss the plaintiff's complaint because the United States is immune from suit. Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001). The plaintiff bears the burden of showing that the United States has waived its sovereign immunity. See Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995).

The defendant contends that the complaint must be dismissed because the claims in this case arise out of libel or slander, an exception to the waiver of immunity. The plain language of

2

§ 2680 makes clear that the claims of libel and slander, Counts Two and Three of the Complaint, are statutorily barred. 28 U.S.C. § 2680(h). Count One, defamation, is also barred. See Johnson v. Carter, 983 F.2d 1316, 1323 n.9 (4th Cir. 1993) (overruled on other grounds by Gutierrez de Martinez v. Lamagno, 515 U.S. 417 (1995)) (finding that the United States has not waived its sovereign immunity in actions for defamation).

      Chapman's claim for intentional infliction of emotional distress, Count Four of the complaint, is not expressly barred by § 2680(h), although it arises out of the defamation claim. The United States Court of Appeals for the Fourth Circuit has found that a claim asserting negligent maintenance of employment records was barred as an exception to the FTCA's waiver of sovereign immunity "[b]ecause the damages [the plaintiff] alleges appear to flow from past or future communication of the contents of the personnel files and the resulting injury to [the plaintiff's] reputation." Talbert v. United States, 932 F.2d 1064, 1066 (4th Cir. 1991). According to the Court, such a claim "resounds in the heartland of the tort of defamation: the injury is to reputation; the conduct is the communication of an idea," and is therefore barred by § 2680(h). Id. at 1067 (internal quotations omitted). Similarly, in an unpublished opinion, the Court has found that a claim for intentional infliction of emotional distress, based upon actions that constitute a claim for libel or slander, is likewise barred by § 2680(h). Harms v. United States, 972 F.2d 339 (4th Cir. 1992) (unpublished table decision). In Harms, the Court concluded that, although a claim for intentional infliction of emotional distress is distinct from a claim explicitly mentioned as an exception under § 2680(h), "any such difference is merely theoretical and not actual under the facts of this case." Id. (citing Metz v. United States, 788 F.2d 1528 (11th Cir. 1986)). In this case, Chapman's claim for intentional infliction of emotional

3

distress is based upon the statements made by the defendant "in a deliberate attempt to cast [the plaintiff] into disrepute, injure his reputation and humiliate him and cause emotional distress." (Compl. ¶ 20.) The court finds that Chapman's claim for intentional infliction of emotional distress arises out of his defamation claim, and is therefore excluded under § 2680(h) of the FTCA.

For these reasons, the court concludes that the plaintiff has not borne the burden of showing that the United States waived its sovereign immunity. The plaintiff's claims for defamation, libel, slander, and intentional infliction of emotional distress fall under the exceptions stated in and arising out of § 2680(h) of the FTCA, and the United States is therefore immune from suit. Accordingly, the court will grant the United States' motion to dismiss.

## CONCLUSION

For the reasons stated, the United States' motion to dismiss will be granted.

The Clerk is directed to send certified copies of this Memorandum Opinion and the accompanying Order to all counsel of record.

ENTER: This 31st day of January, 2006.

United States District Judge